(No. 4836— )

SIRI WARD, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1961.*

THEODORE L. FORSBERG, Attorney for Claimant.

GRENVILLE BEARDSLEY, Attorney General; SAMUEL J. DOY, Assistant Attorney General, for Respondent.

Tolson, C. J.

Claimant, Siri Ward, filed her complaint on August 19, 1958, seeking an award for injuries received by her due to the alleged negligence of the State of Illinois.

The complaint alleges that she visited her husband, who was a patient in the Elgin State Hospital, on February 9, 1958, and that she walked down a corridor, slipped on a floor, which was improperly waxed, and, as a result, suffered a fracture of the right hip.

According to her testimony, she noticed that the floor was unusually waxed and soft when she walked on it. She further stated "my right foot went up like that, and I went down."

It is to be noted that this was the third time that she walked the corridor that day, although it is not clear that she walked over the exact area on the two previous occasions.

Claire Westerdahl, claimant's sister-in-law, testified that she visited the hospital the next day, and walked the corridor where claimant fell. She testified "suddenly I realized the floor was exceedingly slippery—I felt that I was going two ways, up-down and forward." She stated that the floor was very highly polished, and the wax on the floor felt soft, "as though I was walking on soft soap."

Olaf Riggs, a supervisor of the section, testified as to the procedure of washing and waxing the floors. He stated it was done about a week prior to the accident, that he did not notice anything unusual about the floor, and that the gloss was no more than usual.

Greene Finley, a supervisor, testified that he inspected the wards daily, that the floors were waxed in the usual manner, and there was no softness in the wax.

144

This Court is presented with a record wherein the witnesses are in total conflict. There is no way to reconcile the testimony, and we must search elsewhere to see if claimant has satisfied the burden of proof.

The Court attaches significance to the fact that the corridor had been waxed for a week prior to the accident, and had been in daily use since that time.

The Departmental Report indicates that there had been a number of visitors and others using the corridor that afternoon, none of whom slipped, which would tend to negate the charge that the floor was either highly polished or was soft like soap, as testified to by claimant and her sister-in-law.

It is common knowledge that asphalt floors are cleaned and waxed at regular intervals to preserve the surface. The fact that the work was performed by patients in the hospital is of no significance, as this work does not require any particular skill.

Claimant was an invitee, and, as such, must assume all normal, obvious or ordinary risks attendant on the use of the premises. *Lindberg* vs. *State of Illinois*, 22 C.C.R. 29 (citing *Dargie* vs. *East End Bolders Club*, 346 Ill. App. 480).

Claimant has failed to establish by a preponderance of the evidence that the wax was applied excessively or unevenly, and, since respondent is not an insurer of all who enter the hospital as an invitee, the claim must be denied.

An award is, therefore, denied.